UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | No. 6:24-CR-70-REW-HAI-3 |
| | ) | |
| v. | ) | |
| | ) | ORDER |
| KATHY BAIRD, | ) | |
| | ) | |
| Defendant. | ) | |

*** *** *** ***

After conducting Rule 11 proceedings, *see* DE 126 (Minute Entry), Judge Ingram recommended that the undersigned accept Defendant Kathy Baird's guilty plea and adjudge her guilty of Count One of the Indictment (DE 7). *See* DE 127 (Recommendation); *see also* DE 83 (Plea Agreement). Judge Ingram expressly informed Defendant of her right to object to the recommendation and to secure de novo review from the undersigned. *See* DE 127 at 3. The established three-day objection deadline has passed, and no party has objected.

The Court is not required to "review . . . a magistrate [judge]'s factual or legal conclusions, under a de novo or any other standard, when neither party objects to those findings." *Thomas v. Arn*, 106 S. Ct. 466, 472 (1985); *see also Berkshire v. Dahl*, 928 F.3d 520, 530 (6th Cir. 2019) (quoting *Kensu v. Haigh*, 87 F.3d 172, 176 (6th Cir. 1996)) (alterations adopted) (noting that the Sixth Circuit has "long held that, when a defendant does 'not raise an argument in his objections to the magistrate judge's report and recommendation he has forfeited his right to raise this issue on appeal'"); *United States v. Olano*, 113 S. Ct. 1770, 1777 (1993) (distinguishing waiver and forfeiture); FED. R. CRIM. P. 59(b)(2)–(3) (limiting de novo review duty to "any objection" filed);

28 U.S.C. § 636(b)(1) (limiting de novo review duty to "those portions" of the recommendation "to which objection is made").

The Court thus, with no objection from any party and on full review of the record, **ORDERS** as follows:

1. The Court **ADOPTS** DE 127, **ACCEPTS** Defendant's guilty plea, and **ADJUDGES** Defendant guilty of Count One of the Indictment;

2. The Court will issue a separate sentencing order.[1]

This the 22nd day of April, 2025.

Signed By:
Robert E. Wier
United States District Judge

---

[1] Judge Ingram allowed Baird to remain on bond, subject to conditions of release, pending the Court's adoption of the guilty plea. *See* DE 126. This preserved her status post-arraignment. *See* DE 44. This is a mandatory detention case under 18 U.S.C. § 3143. However, Baird has filed a motion to remain released pending sentencing. *See* DE 128. The Court will either preserve Baird's status or assign a report date as part of resolving that motion.